UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cr-150-MOC-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| FIELDING LANIER BOLTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Letter Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 52). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

I. BACKGROUND

In a judgment dated December 14, 2018, Defendant was convicted in this Court of one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). See (Doc. No. 41 at 1: Judgment). This Court sentenced Defendant to a term of imprisonment of 60 months. (Id. at 2). Defendant, a 33-year-old while male, is currently incarcerated at FCI Petersburg in Virginia. According to the BOP's latest calculation, Defendant is eligible for home detention beginning on April 20, 2022, and his projected final release date is October 18, 2022. The BOP records show that Defendant had served two years, five months, and two days, 56.9 percent of his expected term with good time credit. (Gov't Ex.1 at 2). BOP records do not reflect any disciplinary infractions by Defendant during his current term of imprisonment. (Gov't Ex. 2 at 1). Defendant requested compassionate release from the BOP on October 15,

-1-

2020, and on October 26, 2020, FCI Petersburg Warden J. Andrews denied Defendant's request. See (Gov't Ex. 3).

The BOP records show that Defendant tested positive for COVID-19 from a test collected on October 28, 2020. (Doc. No. 55 at 1). In an encounter with BOP medical staff on November 3, 2020, Defendant showed no apparent specific symptoms for COVID-19. (Id.). Defendant filed the pending motion on December 4, 2020, in which Defendant states that he is "susceptible to this deadly disease because of my weight." (Doc. No. 52 at 1). Defendant further asserts that his mother is suffering from various health issues and that he should be released in order to help her.

Defendant did not attach any medical records to his motion. The Government asserts in its opposition brief that Defendant's medical records from the BOP do not contain any information concerning Defendant's weight and there is no record of him consulting medical staff about this issue. The Government notes that in Defendant's PSR before his sentencing, his height was listed at 5'10" and his weight was 220 pounds. According to a CDC body mass index ("BMI") calculator, this would make Defendant's BMI 31.6 at the time of the PSR. Any score over 30 is regarded as "obese."[1]

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction"

---

[1] https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html.

and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[2] As relevant here, the non-binding policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer,

---

[2] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at **6–9. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at *9. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at *7 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been

identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons."  Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19.  U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Here, Defendant suggests that his obesity places him at increased risk of death or serious complications from COVID-19.  The Centers for Disease Control and Prevention (CDC) identify obesity as a COVID-19 risk factor.  Obesity with a BMI above 30 is a condition that places an individual "at increased risk of severe illness from the virus that causes COVID-19."[3]  While Defendant's weight may be higher than ideal, he is not regarded as "severely obese," which is categorized by a BMI of greater than 40.  Defendant's BOP medical records, however, show that his medical conditions are well treated and managed by the BOP.  Furthermore, Defendant already contracted COVID-19, and he appeared to be asymptomatic.  Defendant also asserts the need to care for his mother, citing a history of her health issues.  See (Doc. No. 52, pp. 1–2). While the commentary to U.S.S.G. § 1B1.13 does allow for the consideration of family circumstances, Defendant does not meet the criteria set under application notes 1(C)(i) or 1(C)(ii) because it only covers the incapacitation of the defendant's spouse or minor child when the defendant is the only available caregiver.  Defendant has not shown that "extraordinary and

---

[3] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

compelling reasons" exist to warrant releasing him from prison early.

The Court further finds that, even if, Defendant could demonstrate "extraordinary and compelling" reasons for the Court to consider a sentence reduction, the statutory sentencing factors weigh in favor of Defendant's continued incarceration. This Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Title 18, United States Code 3553(a) provides, in relevant part, that a sentence should be sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A)-(C). Here, reducing Defendant's prison sentence would reduce the capacity of his sentence to reflect the seriousness of Defendant's offense, promote respect for the law, and promote just punishment. Furthermore, the abhorrent nature of Defendant's conduct—in which he expressed an interest in sexually molesting children—supports a finding that he should remain in prison to protect the public. See (Doc. No. 38 at 6).

Finally, Defendant has not provided this Court with any information suggesting that he would find circumstances on release place him at a lower risk than he currently faces from COVID-19, let alone circumstances that would appropriately assure the safety of the public. This Court, therefore, has no reason to take the extraordinary step of reducing Defendant's lawfully imposed sentence.

In sum, in light of Defendant's record and the totality of relevant circumstances, this Court denies the motion for a sentence reduction. Having thus considered defendant's motion

-6-

Case 1:17-cr-00150-MOC-WCM   Document 57   Filed 01/06/21   Page 6 of 7

and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Letter Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 52), is **DENIED**.

Signed: January 6, 2021

Max O. Cogburn Jr.
United States District Judge